IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

MICHAEL W. SULLIVAN, DAVID A. )
SULLIVAN, THOMAS ROBINETTE & )
JEREMY PENNINGTON, )
)
    Plaintiffs, )
)
v. ) Civil Action No._____
) (Jury Trial Requested)
NINE MILE MINING, INC., )
)
    Defendant. )

Serve: Nine Mile Mining, Inc.
       Serve: C T Corporation System, Registered Agent
            4701 Cox Road, Suite 301
            Glen Allen, Virginia 23060-6802

Nine Mile Mining, Inc.
Serve: James C. Justice, II, President
       302 South Jefferson Street
       Roanoke, Virginia 24011

## COMPLAINT – CLASS ACTION

Plaintiffs, by counsel, allege as follows for their Complaint against the Defendant, Nine Mile Mining, Inc.

### Parties

1.    Michael W. Sullivan is a former employee of Nine Mile Mining, Inc. Michael W. Sullivan worked for Nine Mile Mining, Inc. in Wise County, Virginia for more than two (2) years prior to his termination.

1

2. David A. Sullivan is a former employee of Nine Mile Mining, Inc. David A. Sullivan worked for Nine Mile Mining, Inc. in Wise County, Virginia for more than two (2) years prior to his termination.

3. Thomas Robinette is a former employee of Nine Mile Mining, Inc. Thomas Robinette worked for Nine Mile Mining, Inc. in Wise County, Virginia.

4. Jeremy Pennington is a former employee of Nine Mile Mining, Inc. Jeremy Pennington worked for Nine Mile Mining, Inc. in Wise County, Virginia.

5. Nine Mile Mining, Inc. (hereinafter "Nine Mile") is a corporation, incorporated under the laws of Virginia, with its corporate headquarters in the City of Roanoke, Virginia and its principal place of business in Wise County, Virginia.

### Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

7. Venue is proper in the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2), and 29 U.S.C. §2104(a)(5) because the Defendant has its principal place of business within this judicial district and division.

### Facts

8. Prior to May 17, 2013, Nine Mile employed more than one-hundred-fifty (150) full time employees at its plant in Wise County, Virginia.

9. Prior to May 17, 2013, Nine Mile operated and maintained more than four (4) facilities in Wise County, Virginia.

10. Notably, each of these facilities used common employees, management and equipment.

2

11. As such, each of these facilities combined to constitute a "single site of employment" for purposes of the WARN Act enforcement.

12. Prior to May 17, 2013, the Plaintiffs were employed by Nine Mile in Wise County, Virginia.

13. On the morning of May 17, 2013, the Plaintiffs and more than one-hundred-fifty (150) other employees reported to work at Nine Mile's plant in Wise County, Virginia, where Nine Mile subsequently terminated the employment of the Plaintiffs and more than one-hundred-fifty (150) of its other employees without cause.

14. Nine Mile had also terminated its employment of the Plaintiffs and more than one-hundred-fifty (150) of its employees on May 17, 2013, in Wise County, Virginia, without providing any of the mandatory advanced notice of the terminations.

15. As a result of the incidents mentioned in preceding paragraphs, at least fifty (50) of Nine Mile's former full-time employees, including the Plaintiffs, were not able to work for a period of at least thirty (30) days at Nine Mile's plant in Wise County, Virginia.

**Violations of the Worker Adjustment and Retraining Notification ("WARN") Act**

16. Plaintiffs repeat and reallege paragraphs 1 through 15 as if fully set forth herein.

17. Nine Mile is an employer as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because Nine Mile is a business enterprise that either employed at least one-hundred (100) full-time employees or employed at least one-hundred (100) employees, who in the aggregate, worked at least four thousand (4,000) per week, exclusive of overtime.

18. The Plaintiffs are affected employees as defined by 29 U.S.C. § 2101(5), for purposes of the WARN Act, because Nine Mile employed the Plaintiffs and the Plaintiffs

3

reasonably expected to experience an employment loss as a consequence of a plant closing or mass layoff by Nine Mile in Wise County, Virginia.

19. As an employer under the WARN Act, Nine Mile had an obligation pursuant to 29 U.S.C. § 2102 to provide written notice to its affected employees or to a representative of its affected employees at its plant in Wise County, Virginia, for a period of at least sixty (60) days prior to closing the plant or doing a mass layoff.

20. Nine Mile terminated the employment of the Plaintiffs and more than one-hundred-fifty (150) of its other affected employees at its plant in Wise County, Virginia, by closing its plant or carrying out a mass layoff.

21. Nine Mile failed to provide a written notice to the Plaintiffs and its other affected employees at its plant in Wise County, Virginia, prior to closing the plant or carrying out a mass layoff.

22. As a result, at least fifty of Nine Mile's full-time and affected employees, including the Plaintiffs, who comprised at least thirty-three percent (33%) of the workforce at Nine Mile's plant in Wise County, Virginia, experienced an employment loss for a period of at least thirty (30) days, causing them substantial economic and other harm.

## Class Allegations

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as if fully set forth herein.

24. Pursuant to Rule 23(a) & (b) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were terminated by Nine Mile on May 17, 2013, in Wise County, Virginia.

25. The Class Members are so numerous that joinder of all Class Members is impracticable because it is estimated that Nine Mile terminated at least one-hundred-fifty (150) of its employees.

26. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members. The principal question is Nine Mile's failure to comply with the requirements of the WARN Act.

27. The claims of the Plaintiffs are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Nine Mile's wrongful conduct in violation of the WARN Act.

28. The Plaintiffs will fairly and adequately protect the interest of the Class Members because Plaintiffs have retained counsel who are competent and experienced.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) the damages suffered by each individual Class Member are modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this particular forum shall promote judicial economy.

### Damages and Relief Requested

30. Pursuant to Rule 23(a), (b) & (c) of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5), and other applicable law, Plaintiffs request that the Court to certify that Plaintiffs and all other similarly situated employees from Nine Mile's closing of its plant or mass layoff in Wise County, Virginia, constitute a single class.

31. Plaintiffs request that the Court designate them as class representatives as permitted by 29 U.S.C. § 2104(a)(5).

32. Plaintiffs request that the Court appoint the undersigned attorneys as class counsel as permitted by Rule 23(g) of the Federal Rules of Civil Procedure and empanel a jury to hear their claims.

33. As a result of Nine Mile's violation of the WARN Act, Plaintiffs respectfully request that the Court order Nine Mile to pay Plaintiffs and all other similarly situated employees up to the maximum amount of statutory damages, including interest, to the extent permitted in 29 U.S.C. §§ 2104(a)(1) & (2).

34. Plaintiffs request that the Court order Nine Mile to pay Plaintiffs' reasonable attorneys' fees, litigation expenses, and other costs that Plaintiffs incur in pursuing this action as authorized by 29 U.S.C. § 2104(a)(6).

35. Plaintiffs request that the Court grant them and all other similarly situated employees any such other relief as it may deem just and proper together with interest and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY.

MICHAEL W. SULLIVAN, DAVID A. SULLIVAN, THOMAS ROBINETTE & JEREMY PENNINGTON

By:___s/Paul G. Beers___
Of Counsel

Paul G. Beers (VSB # 26725)
E-mail: pbeers@gfdg.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P. O. Box 829
Norton, Virginia 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

Counsel for the Plaintiffs