IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

MICHAEL W. SULLIVAN, DAVID A. SULLIVAN,
THOMAS ROBINETTE & JEREMY PENNINGTON,

    Plaintiffs,

v.              Case No. 2:13-cv-00040

NINE MILE MINING, INC.,

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

  Defendant, Nine Mile Mining, Inc. ("Nine Mile"), by and through in house counsel, hereby respectfully files this Memorandum in Support of its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) for Lack of Subject Matter Jurisdiction and/or 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.  In support thereof, Nine Mile avers the following:

**BACKGROUND**

  On or about July 15, 2013, Plaintiffs filed a complaint in the United States District Court for the Western District of Virginia alleging that on May 17, 2013 Nine Mile "terminated the employment of the Plaintiffs and more than one-hundred-fifty (150) of its other employees without cause." (see Plaintiffs' Complaint ¶ 13).  On or about July 22, 2013, Nine mile was served with the Complaint.  The Complaint alleges that Nine Mile orchestrated mass layoffs at facilities owned and operated by Nine Mile on or about May 17, 2013, laying off Plaintiffs and

1

others similarly situated, in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*[1]

Around mid-May, 2013, Nine Mile temporarily idled certain of its mining operations in and around Wise County, Va.  The decision to idle these operations was the result of declining market conditions in the coal industry.  The Complaint does not allege that Nine Mile's layoffs were to be permanent.  The Complaint also does not allege that any Plaintiff was advised that those laid off were told they had been *permanently* terminated.  And, affected employees were advised that the layoffs were intended and expected to be temporary in nature.

The Complaint filed against Nine Mile should be dismissed because it fails to allege facts upon which subject matter jurisdiction can be based in that Plaintiffs do not qualify for relief under the WARN Act because their alleged layoff has not exceeded 6 months in duration, and therefore Nine Mile is not liable for any violation the WARN Act's provisions.  Without federal question jurisdiction under the WARN Act, this case cannot be heard in this court because there is not complete diversity of citizenship of the parties and there is no subject matter jurisdiction.

The Complaint filed against Nine Mile should also be dismissed on the basis that it fails to state a claim for which relief can be granted, in that the Plaintiffs do not qualify for relief under the WARN Act because their temporary layoff has not exceeded 6 months, as is required under the law and statute.

## STANDARD OF REVIEW

In determining whether to dismiss a complaint on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a district court should dismiss a complaint for lack of subject matter jurisdiction if a plaintiff can prove no set of facts in support of his claim which would

---

[1] The Complaint's allegations include a request to certify a class action.  *See* Compl. at ¶ 24-29.

entitle him to federal subject matter jurisdiction. *Miller v. Stratford House Ret. Cmty*, Case No. 4:12-cv-00006, W.D. VA (April 24, 2012) (citing *Glenn v. LaFon*, 427 F.Supp. 2d 675, 677 (W.D. Va. 2006). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance on the evidence. *Id.* (citing *Evans v. B.F. Perkins Co.*, 166 F. 3d. 642, 647 (4th Cir. 1999). A court should grant the motion only where the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* (citing *Williams v. United States*, 50 F. 3d 299, 304 (4th Cir. 1995).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Coles v. Carilion Clinic*, Civil Action No. 7:11-cv-00555, W.D. VA (July 13, 2012), (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*. 980 F.2d 943, 952 (4th Cir. 1992)). Thus, the proper inquiry is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." *Coles* at 15 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Coles* at 16 (citing *Edwards*, 178 F.3d at 244). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Coles* at 16 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Assuming that the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." *Id*.

**ARGUMENT**

Under the WARN Act, a statutory employer must give "affected employees 60 days notice before a "mass layoff" or "plant closing" when it affects at least 33% of the employees and involves at least 50 employees. *Smith v. Consolidation Coal Company/Island Creek Coal Company*, 948 F.Supp. 583, W.D. VA (1996) (citing 29 U.S.C. § 2102(a). If the employer fails to give such notice, the "affected employees" may sue for back pay for the period of time deficient in notice. *Id*. Thus, in order to survive the Fed.R.Civ.P. 12(b)(6) motion Plaintiffs must establish that (Defendant) is a statutory employer, a "mass layoff" occurred affecting the requisite number of employees, and no 60 day notice was given. *Id*.

A "mass layoff" is defined as a reduction in force which is not the result of a plant closing and results in an "employment loss." *Id* (citing 29. U.S.C. § 2101(a)(3). Furthermore, an "employment loss" is defined as "(A) an employment termination…, (B) *a layoff exceeding 6 months* (emphasis added), or (C) a reduction of hours of work of more than 50 percent during each month of any 6-month period…" *Id*.

The Western District stated in its Memorandum Opinion in the *Consolidation Coal* case that "[a]n employment loss is defined by the WARN Act as a layoff exceeding six months. 29 U.S.C. § 2101(a)(6)". *Id* at 586. In *Consolidation Coal*, the Western District dismissed plaintiff's suit, stating: "[the plaintiffs had] only alleged one layoff in their complaint, and th[at] layoff began on June 7, 1996. This court is well within its discretion in taking notice that not even one month had passed at the time [p]laintiffs filed this action on June 20, 1996. At present,

4

only five months have passed since the alleged layoff began; therefore, there cannot have been an employment loss in the present case. This action is premature." *Id* at 586.

### I. Plaintiffs Fail to State a Claim And The Case Must Be Dismissed Pursuant to Rule 12(b)(6)

Plaintiffs' claims against Nine Mile must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Even if accepting all the allegations contained in Plaintiff's Complaint as true, Plaintiff's Complaint is premature in that the layoff period has not exceeded six months as is required to be an "employment loss" under the WARN Act.

The facts of the case at bar are nearly identical to that of the *Consolidation Coal* case. In this action, Plaintiffs allege that Nine Mile orchestrated mass layoffs at their facilities on or about May 17, 2013. Plaintiffs' Complaint was filed on or about July 22, 2013. At present, less than three months have passed since the alleged layoff began; therefore, there cannot have been an employment loss in this case as defined by this Court in *Consolidation Coal*, citing 29 U.S.C. § 2101(a)(6). When the mass layoffs alleged by Plaintiffs occurred, Nine Mile did not intend any layoff to be permanent, rather a temporary idling of certain jobs due to market conditions in the coal industry, as was included in numerous media articles detailing the alleged layoffs. Therefore, this action is premature under the law and should be dismissed.

### II. Plaintiffs Lack Standing And The Case Must Be Dismissed For Failure Of Subject Matter Jurisdiction Under Rule 12(b)(1)

Plaintiffs' claim must be dismissed under Rule 12(b)(1) because Plaintiffs fail to allege any actual violation of the federal WARN Act. As discussed in the *Consolidation Coal* case, a violation of the WARN Act requires an "employment loss" which is defined as, including other items not relevant to the facts of this case, a temporary layoff extending beyond 6 months in duration. *See Consolidation Coal* at 586. The WARN Act cannot apply to the facts of this case

because the temporary layoffs alleged in this case occurred on May 17, 2013, and 6 months have not yet passed. *Id*. Therefore, under the statute Plaintiffs cite as their basis for invoking the Court's subject matter jurisdiction in this case, Plaintiffs do not qualify for relief under the statute as their claim is premature and the instant motion to dismiss for lack of standing should be granted.

## CONCLUSION

In light of the foregoing, Nine Mile respectfully moves this Court to dismiss this action in its entirety for the reasons set forth herein, grant their reasonable attorneys fees, and any and all other relief as the Court deems appropriate.

Submitted this 9th day of August, 2013.

By: /s/ Dustin M. Deane_____
Allen W. "A.J." Dudley, Jr., (vsb #44013)
  *General Counsel for Litigation*
Dustin M. Deane (vsb # 83804)
  *Associate General Counsel*
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, Virginia 24011
Telephone (540) 776-7890
Facsimile (540) 301-5919
  *for Defendant Nine Mile Mining, Inc.*

## CERTIFICATE OF MAILING/DELIVERY

I, Dustin M. Deane, do hereby certify that on August 12, 2013, a copy of the foregoing was electronically filed using the ECF system, which will send notice to:

Paul G. Beers (VSB # 26725)
E-mail: pbeers@gfdg.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, VA 24001
Telephone (540) 224-8000
Facsimile (540) 224-8050


Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P.O. Box 829
Norton, VA 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

*Counsel for the Plaintiffs*

                                               /s/ Dustin M. Deane_____
                                               Dustin M. Deane (vsb # 83804)