IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MICHAEL W. SULLIVAN, DAVID A. SULLIVAN, THOMAS ROBINETTE & JEREMY PENNINGTON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 2:13CV00040 |
| NINE MILE MINING, INC., | ) ) ) |
| Defendant. | ) |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Statement of the Case

On July 15, 2013, Plaintiffs Michael W. Sullivan, David A. Sullivan, Thomas Robinette and Jeremy Pennington ("Plaintiffs") filed this class action under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., against their former employer, Nine Mile Mining, Inc. ("Nine Mile"). Plaintiffs assert Nine Mile violated the WARN Act by failing to provide sixty days advance, written notice of a mass layoff or plant closing. Plaintiffs seek certification of a class of similarly situated coal miners whom Nine Mile "terminated without cause."

On August 12, 2013, Nine Mile filed a Motion to Dismiss Plaintiffs' Complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted pursuant to

Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Document 8), along with a supporting memorandum. (Document 9).

Plaintiffs now respond to Nine Mile's Motion to Dismiss.

### Argument

### Standard of Review

Rule 12(b) of the Federal Rules of Civil Procedure tests the legal sufficiency of a plaintiff's complaint. In deciding a Rule 12(b) motion, a court deems true all facts pled by the plaintiff. All factual inferences must be drawn in favor of the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

### PLAINTIFFS PLEAD AN ACTIONABLE CLAIM FOR VIOLATION OF THE WARN ACT.

Relying exclusively upon Judge Williams' opinion in Smith v. Consolidation Coal Company, 948 F.Supp 583 (W.D. Va. 1996), Nine Mile argues that Plaintiffs fail to state a viable WARN Act claim. According to Nine Mile, Plaintiffs have not suffered an actionable "mass layoff" because less than six months have passed since they lost their jobs on May 17, 2013. (Def. Memo,. pp. 4-6). Nine Mile insists that under *Consolidation Coal*, 948 F.Supp. at 583, a WARN Act plaintiff cannot state a claim unless he alleged his layoff was "permanent" or at least in excess of six months. (Def. Memo., p. 5). Because Nine Mile misreads Plaintiffs' Complaint and misapplies *Consolidation Coal*, 948 F.Supp. at 583, the Court should deny the defendant's Motion to Dismiss.

The WARN Act mandates that employees of covered employers ". . . continue to receive their full wages and benefits during a congressionally guaranteed 'transition time to

2

adjust to the prospective loss of employment.' " Gray v. The Walt Disney Company, 915 F.Supp.2d 725, 730-31 (D. Md. 2013) (quoting United Mine Workers of Am. v. Martinka Coal Co., 202 F.3d 717, 721 (4th Cir. 2000) (quoting 29 C.F.R. § 639.1(a))).

The WARN Act requires a covered employer to give sixty days' written notice to all "affected employees" before carrying out a plant closing or mass layoff. 29 U.S.C. § 2102(a). An employer " . . . who orders a plant closing or mass layoff" without issuing a proper WARN Act notice to "affected employees" "shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff . . . ." 29 U.S.C. § 2104(a)(1). An "affected employee" is one who "may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." 29 U.S.C. § 2101(a)(5).

A "layoff exceeding 6 months" is just one of three types of actionable "employment losses" codified in 29 U.S.C. § 2101(a)(6)(A)-(C). In relevant part, "employment loss" is defined as *either* "(A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, [or] (B) a layoff exceeding 6 months . . . ." 29 U.S.C. § 2101(a)(6)(A) and (B). Subsection C of the same WARN Act section provides yet a third type of actionable "employment loss." 29 U.S.C. § 2101(a)(6)(C). A plaintiff who alleges he was "terminated" as part of a mass layoff or plant closing states viable WARN Act claim. The plaintiff need not also allege that he was laid off for at least six months. Brewer v. American Power Source, Inc., 517 F.Supp.2d 881, 885 (N.D. Miss. 2007) ("While 29 U.S.C. § 2101 does include a 'layoff exceeding 6 months' as one employment action constituting an

'employment loss," the statute provides two other examples of 'employment losses' which, in sufficient numbers, may constitute an actionable 'mass layoff' under the WARN Act.").

In *Consolidation Coal*, 948 F.Supp. at 583, the plaintiffs alleged only that they were laid off without a definite recall date. The plaintiffs there did not allege their employment had been terminated without cause. Id. at 586 ("Plaintiffs have not experience [sic] a layoff which exceeds six months, and there is no allegation of any terminations"). Judge Williams ruled the case premature because the plaintiff's "employment loss" as a result of layoff had not yet persisted for at least six months. Id.

*Consolidation Coal*, at id., is inapposite to the case at bar. Plaintiffs plead that Nine Mile "terminated" their employment "without cause" as part of a plant closing or mass layoff. (Compl. ¶¶ 13; 14; and 20). Plaintiffs allege they have sustained an actionable "employment loss." (Compl. ¶ 22). These allegations readily distinguish the case at bar from *Consolidation Coal*, 948 F.Supp. at 583, where the putative class representatives failed to make an " . . . allegation of any terminations . . . ." Id. at 586. Under the WARN Act, a termination without cause is a compensable "employment loss." 29 U.S.C. § 2101(a)(6)(A); *Brewer*, 517 F.Supp.2d at 885.

Contrary to Nine Mile's contention on brief, a WARN Act plaintiff need not plead that the employer laid him off "permanently." (Def. Memo., 2; 5). Plaintiffs plead Nine Mile "terminated" their employment. (Compl. ¶¶ 13; 14; and 20). "Termination" necessarily means a permanent dismissal or cessation of the employment relationship. Fourth Circuit Warn Act jurisprudence could not be clearer that a "termination" of employment is an actionable, permanent layoff. Long v. Dunlop Sports Group Americas, 506 F.3d 299, 302-03

(4th Cir. 2007) (construing 29 U.S.C. § 2101(a)(6)(A) and observing that statutory term "employment termination" means a 'permanent cessation of the employment relationship.' ") (quoting Graphic Communications Int'l Union, Local 31-N v. Quebecor Printing (USA) Corp., 252 F.3d 296, 299 (4th Cir. 2001) (quoting Worker Adjustment and Retraining Notification, 54 Fed. Reg. 16,042, 16,047 (April 20, 1989)).   Accord, Acevedo v. Heinemann's Bakeries, 619 F.Supp.2d 529, 534 (E.D. Ill. 2008) ("Although the WARN Act itself does not define 'employment termination,' a Department of Labor regulation states it will interpret 'employment termination' by its 'common sense' meaning and thus, within the provision relating to employment loss, 'employment termination' means the 'permanent cessation of the employment relationship.' ") (quoting 54 Fed. Reg. 16042, 16047 (Apr. 20, 1989)).

## Conclusion

For the foregoing reasons, Defendant Nine Mile Mining, Inc.'s Motion to Dismiss should be denied.

            MICHAEL W. SULLIVAN, DAVID A.
            SULLIVAN, THOMAS ROBINETTE &
            JEREMY PENNINGTON


            By:   s/Paul G. Beers
                   Of Counsel

Paul G. Beers (VSB # 26725)
E-mail: pbeers@gfdg.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P. O. Box 829
Norton, Virginia 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

Counsel for the Plaintiffs

## Certificate of Service

I hereby certify that on August 27, 2013, I electronically filed the foregoing Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Allen W. Dudley, Jr., Esq., and Dustin M. Deane, Esq., James C. Justice Companies, Inc. and Affiliates, 302 South Jefferson Street, Roanoke, Virginia 24011.

                                                                                              s/Paul G. Beers
                                                                                              Paul G. Beers