IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MICHAEL W. SULLIVAN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:13CV00040 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| NINE MILE MINING, INC., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Paul G. Beers and Andrea Hopkins, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, and Hugh F. O'Donnell, Client Centered Legal Services of Southwest Virginia, Norton, Virginia, for Plaintiffs; Todd A. Leeson, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Defendant.*

In this class action arising under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), the defendant has filed a Motion to Strike Jury Demand. The court previously granted summary judgment for the plaintiffs as to liability, leaving only the amount of back pay and uninsured health costs, if any, to be determined.

I have recently held that the WARN Act does not provide for jury trial. *Creech v. Va. Fuel Corp.*, No. 2:14CV00006, 2014 WL 6611924, at *5 (W.D. Va. Nov. 24, 2014.) The plaintiffs do not attempt to distinguish that holding from the present case, except to contend that the defendant's motion is untimely and the issue has thus been waived. In the Scheduling Order entered in this case, the

defendant was required to move to strike the jury demand by April 1, 2014. (Scheduling Order ¶ 9, ECF No. 31.) It was not filed until December 11, 2014, several weeks before the scheduled trial date on the remaining issues.

I will grant the Motion to Strike Jury Demand. The court has the authority sua sponte to refuse a jury demand where it finds that "there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). As I have previously held, there is no right to a jury in a WARN Act case and it would be inconsistent for me to allow a jury in light of my view of the law. Moreover, while the defendant did not comply with the Scheduling Order, I find that there is good cause shown here for an extension of time in light of the change in defense counsel and this court's recent decision in *Creech*, deciding an issue on which there is little authority. More importantly, the plaintiffs will suffer no legal prejudice from any such extension, since they have no right to a jury.[1]

For these reasons, it is **ORDERED** that the Motion to Strike Jury Demand (ECF No. 72) is GRANTED.

---

[1] The magistrate judge actually granted without discussion the defendant's separate Motion to Extend Deadline (Minute Order, Dec. 12, 2014, ECF No. 74), but since the plaintiffs' argue that the failure to timely file a motion to strike the jury demand constituted a waiver, I have considered the delay shown here in determining whether to grant the Motion to Strike Jury Demand.

ENTER: December 22, 2014

/s/ James P. Jones
United States District Judge