IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MICHAEL W. SULLIVAN, DAVID A. SULLIVAN, THOMAS ROBINETTE, JEREMY PENNINGTON, CLARK STANTON AND JAMIE BARGER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>NINE MILE MINING, INC., )<br><br>Defendant. ) | Civil Action No. 2:13CV00040 |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT,
APPROVAL OF CLASS NOTICE, AND SCHEDULING A FAIRNESS HEARING**

Michael Sullivan, David Sullivan, Thomas Robinette, Jeremy Pennington, Clark Stanton, and Jamie Barger ("Named Plaintiffs") and Defendant Nine Mile Mining, Inc. (collectively, the "Parties"), by counsel, submit this Memorandum in Support of their Joint Motion for an Order preliminarily approving the settlement agreement between Plaintiffs and Nine Mile Mining, Inc., approving the Notice to the Class, and scheduling a fairness hearing for mid-March, 2015 for the final consideration and approval of the settlement agreement.

In support of their Joint Motion, the Parties respectfully submit the following:

**Jurisdiction**

1. This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

## Background

2. On July 15, 2013, Michael W. Sullivan, David A. Sullivan, Thomas Robinette and Jeremy Pennington filed their Complaint against Nine Mile Mining, Inc. ("Nine Mile") asserting a claim under the WARN Act on behalf of themselves and the Proposed Class. The Named Plaintiffs filed their First Amended Complaint on October 21, 2013.

3. The Named Plaintiffs, former employees of Defendant, claim that they and other former employees experienced an employment loss at the Defendant's mines (the "Nine Mile mines") on or about May 17, 2013 without receiving 60 days' written notice of their terminations as required by the WARN Act.

4. Defendant asserted as a primary defense to the WARN Act litigation that the company was not an "employer" as defined under the Act.

5. This Court certified a class on February 11, 2014, consisting of all persons who were employed by Nine Mile at or in connection with the Nine Mile One mine and/or Nine Mile Three mine and who were terminated or otherwise subjected to an employment loss as a result of a mass layoff or plant closing within the meaning of the WARN Act on or about May 17, 2013. The class only includes Nine Mile employees who were terminated without cause or laid off in May 2013. The class does not include Nine Mile employees who were laid off in May 2013 who were rehired by the company within six months. Plaintiffs' counsel were appointed Class Counsel. Class Counsel mailed the Court approved Class notices to the putative class members and only two people timely requested exclusion from the Class.

6. Class Counsel and Defendant disagree as to whether Defendant has any obligation or liability under the WARN Act with respect to the claims asserted in the First Amended Complaint.

7.      Plaintiffs took discovery in this case, including requests for admissions, interrogatories, requests for production, three fact-witness depositions, and a Rule 30(b)(6) deposition. Plaintiffs also subpoenaed documents from certain Nine Mile affiliates.

8.      On September 4, 2014, the Court granted in part Plaintiffs' motion for summary judgment. *See* Opinion and Order, ECF No. 60. The Court found that Nine Mile employed 100 or more individuals at the relevant time who worked more than 4,000 hours per week in the aggregate. The Court concluded that Nine Mile qualifies as an "employer" under the WARN Act.

9.      On December 22, 2014, the Parties participated in mediation before Judge Sargent. As part of the mediation process, the Parties prepared confidential written position statements as to what each Party viewed as its respective strengths and weaknesses. As a result of the mediation and follow up discussions, the Parties reached an agreement on December 31, 2014 as to the settlement amount and informed the Court. The Parties have memorialized their Agreement (the "Agreement") and attach it hereto as Exhibit A.

10.     29 U.S.C. § 2104(a)(6) provides that attorneys' fees may be awarded to the prevailing party in a WARN Action. Class Counsel represents that their contract with the Named Plaintiffs entitles Class Counsel to legal fees equal to one-third of any recovery, plus costs. Class Counsel has agreed, however, to reduce its request for fees to 28% of the total recovery, plus costs of $8,500.

11.     The Named Plaintiffs support the settlement of this litigation pursuant to the terms of the Agreement.

12. The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, arising from this litigation, as described below.

## The Settlement

13. The Parties ask the Court to approve the Agreement for the following reasons:

   (a) The Agreement reflects the result of arms' length, good faith negotiations.

   (b) The Agreement reflects the Parties' recognition that significant issues exist regarding the calculation of damages under the WARN Act. The Parties also recognize that Nine Mile asserts it has no obligation under the WARN Act and may have appealed the Court's summary judgment ruling. If the Named Plaintiffs were successful in the litigation, however, they could have a claim against Defendant for perhaps as much as $1,000,000 including fees and costs.

   (c) The Parties engaged in negotiation over these issues and weighed the possibility of extensive, costly litigation, including the possibility of an appeal of the summary judgment ruling.

   (d) As a result of the Parties' negotiations, and as fully set forth in the attached Agreement, the Named Plaintiffs and the Defendant wish to fully and finally settle and resolve this litigation on the terms and conditions of the Agreement.

14. Under the proposed Agreement, Nine Mile has agreed to pay a total of $745,000. The amount of each Class Member's settlement was derived by calculating an estimate of the amount of wages each Class Member would receive in a 60 day period, according to Defendant's books and records ("Total Potential Wage Damages"). Each Class Member then receives a pro rata percentage of his Total Potential Wage Damages. Each Class Member will receive 76.11% of

his Total Potential Wage Damages, after attorneys' fees. Nine Mile will provide the settlement payments (less normal employee payroll withholdings), the Service Payment and payment for medical bills discussed below, to Class Counsel, who will then distribute the settlement payments to the Class Members. Nine Mile also will distribute W-2 Forms to each Class Member.

15. The six Named Plaintiffs will have, in addition to the award described in Paragraph 14, an additional payment in the sum of $5,000 each, less attorneys' fees, in payment for the service they provided to the Class in connection with the prosecution of this action (the "Service Payment"). Finally, three Class Members will receive additional, net payments which represent 76.11% of uninsured medical expenses they incurred within 60 days of May 17, 2013. In particular, Claude McConnell will receive $298.75, Matthew Balthis will receive $185.94, and Charles Goodwin, Jr. will receive $800.57. No other Class Members submitted uninsured medical expenses to Class Counsel in a timely manner for consideration and reimbursement.

### The Class Notice

16. "In the context of a class action, the due process requirements of the Fifth Amendment require 'reasonable notice combined with an opportunity to be heard and withdraw from the class.'" *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 472 (W.D. Va. 2011) (quoting *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 231 (S.D. W. Va. 2005)). Rule 23(c)(2)(B) requires that class members receive "the best notice practicable under the circumstances." The Supreme Court has held that due process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out.'" *Domonoske*, 790 F. Supp. 2d at 472 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)).

17.     The Parties submit that the proposed Class Notice, attached hereto as Exhibit B, meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).  That rule requires that notice to Class Members be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The Rule also requires, as relevant here, that the notice identify (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney; and (v) the binding effect of a class judgment on members.

18.     The proposed Class Notice satisfies each of these requirements.  The Notice describes the nature of the action, provides the definition of the class, describes the Named Plaintiffs' claims and Nine Mile's defenses, informs class members of the right to appear and retain counsel, and informs class members of the binding nature of the proposed Agreement.  The Notice describes the nature of the proposed Agreement and the right of each Class Member to object to the proposed Agreement or the proposed attorneys' fees.

19.     The form of the Notice will be an individual mailing to each Class Members' last known address, as detailed in the proposed Agreement.  Class Counsel believes they have current addresses for all Class Members.  The Parties also request that the Court set the required fairness hearing for mid-March, 2015, which would allow Class Members ample time to evaluate the proposed Agreement.  The Parties submit that the proposed Class Notice provides the best notice practicable to the Class Members.

**The Settlement Should be Approved as Fair, Reasonable, and Adequate to the Class**

20.     To determine the fairness of a class settlement, courts consider "(1) the posture of the case at the time the settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area

of [the] class action litigation." *Domonoske*, 790 F. Supp. 2d at 473 (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991)).

21. The first factor requires the court to consider "how far the case has come from its inception," as a settlement of a case in its infancy points toward collusion. *Id.* Similarly, the second factor requires the court to determine whether the case was well developed such that the parties appreciated the "full landscape of their case." *Id.* Here, the Parties reached a settlement agreement after the Court's summary judgment ruling on liability and just one business day before the trial on damages was set to begin. Plaintiffs conducted written discovery, reviewed documents produced by Defendant, issued subpoenas, conducted three depositions of fact witnesses, and conducted a thorough Rule 30(b)(6) deposition. The Parties filed cross motions for summary judgment. The case was well developed and the Parties fully understood the strengths and weaknesses of their claims. The Parties conducted their settlement negotiations at arms' length, formally, with the aid of Judge Sargent. Finally, Class Counsel is experienced in both class actions generally and employment litigation in particular, as set forth in Plaintiffs' Brief in Support of Motion for Class Certification, ECF No. 27.

22. To determine the adequacy of a proposed class action settlement, courts consider "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Domonoske*, 790 F. Supp. 2d at 473 (citing *In re Jiffy Lube*, 927 F.2d at 159). The court "weigh[s] the benefits of the settlement to the class against the strength of the defense, and the expense and uncertainty of litigation." *Id.*

23.     Plaintiffs are confident in the strength of their claims, particularly in light of the Court's summary judgment ruling.  Plaintiffs recognize, however, that Nine Mile may have appealed the Court's summary judgment ruling.  Plaintiffs recognize the risk associated with an appeal, as well as the time and expense of additional litigation.  The Parties believe that the proposed Agreement takes these issues into account.  The Parties also recognize that litigating this action through trial would be complicated, protracted, and expensive.

24.     The proposed Agreement is therefore in the best interest of the Parties and is fair, reasonable, and adequate to all concerned.

25.     The Class Representatives support the settlement of this litigation.  Class Counsel believe that all or nearly all Class Members will be similarly supportive.

26.     Class Counsel has agreed to accept 28% of the total Settlement amount, which is $208,600, rather than the 33 1/3% contingency fee contained in their retainer contracts with the Named Plaintiffs.  The Parties agree that under the circumstances these attorney's fees are reasonable.

WHEREFORE, the Parties respectfully request that the Court enter an Order preliminarily approving the Agreement between Plaintiffs and Nine Mile and approving the form and manner of Notice to the Class Members.

Respectfully submitted,

MICHAEL W. SULLIVAN, DAVID A. SULLIVAN, THOMAS ROBINETTE, JEREMY PENNINGTON, CLARK STANTON AND JAMIE BARGER

By:   /s/Paul G. Beers
            Of Counsel

Paul G. Beers (VSB # 26725)
E-mail: pbeers@glennfeldmann.com
Andrea Hopkins (VSB # 85093)
E-mail: ahopkins@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P. O. Box 829
Norton, Virginia 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

Counsel for the Plaintiffs


By:   /s/ Todd Leeson

Todd Leeson, Esq.
E-mail:  Leeson@gentrylocke.com
Gentry Locke Rakes & Moore LLP
10 Franklin Road, SE
Roanoke, Virginia 24022
Telephone (540) 983-9437

Terry G. Kilgore, Esq.
E-mail: tkilgore@kilgorelawoffice.com
197 West Jackson Street
Gate City, Virginia 24251

Dustin M. Deane, Esq.
E-mail: dustin.deane@justicecorporation.com
James C. Justice Companies, Inc. & Affiliates
302 South Jefferson Street
Roanoke, Virginia 24011.

Counsel for Nine Mile Mining, Inc.